**FILED**
NOV - 2 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District  Western District of Texas |
|---|---|
| Name (under which you were convicted):<br>Agusting Sergio De Leon Garza | Docket or Case No.:<br>5:14cr247-RCL-1 |
| Place of Confinement:<br>USP Coleman I, PO Box 1033, Coleman, FL 33521 | Prisoner No.:<br>35121-380 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted)<br>Agusting Sergio De Leon Garza |

SA18CA1164 RCL

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   USDC Western District of Texas

   (b) Criminal docket or case number (if you know): 5:14cr247

2. (a) Date of the judgment of conviction (if you know): 9/3/2015

   (b) Date of sentencing: 9/3/2015

3. Length of sentence: Count 1,2 Life, 120 months Counts 3,4 and 240 months Counts 5,6,7

4. Nature of crime (all counts):

   Conspiracy to Kidnap, in violation of 18 U.S.C. §§ 1201(a)(1) and 1201(c) (Count 1), Aiding and Abetting Kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2 (Count 2), Receipt of Ransom Money and Aiding and Abetting, in violation of 18 U.S.C. § 1202(a), 1202(b) and 18 U.S.C. § 2 (Counts 3 and 4), Interstate Communication of Ransom, in violation of 18 U.S.C. § 875(a) (Count 5); Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1), 1956(b)(1), and 1956(b)(2)(Count 6) and Money Laundering and Aiding and Abetting, in violation of 18 U.S.C. § 1956(a)(1) and 18 U.S.C. § 2 (Count 7)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:

    (a) Name of court:  USCA Fifth Circuit Court Apepals

    (b) Docket or case number (if you know):  15-50846

    (c) Result:  Affirmed

    (d) Date of result (if you know):  6/8/2017

    (e) Citation to the case (if you know):  United States v. Garza, 690 F. App'x 262 (5th Cir. 2017).

    (f) Grounds raised:

    That the sentence is substantively unreasonable because it is greater than needed to achieve the sentencing goals of 18 U.S.C. § 3553(a).

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☑   No ☐

    If "Yes," answer the following:

    (1) Docket or case number (if you know):  17-6187

    (2) Result:
      Writ Cert Denied

    (3) Date of result (if you know):  11/6/2017

    (4) Citation to the case (if you know):  Garza v. United States, 138 S. Ct. 431 (2017)

    (5) Grounds raised:

    Whether a LIFE sentece in this case was substantially reasonable.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

Page 4

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ❏

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:   Yes ❏   No ❏

    (2) Second petition:   Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Sixth Amendment Violation - Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsels Martinez and Ortiz rendered ineffective assistance when they did not o advise Garza that the evidence in this case was overwhelming and that unless the victim or the witness that recorded the phone conversations in Mexico testified at trial, that none of the phone recordings could be introduced during the trial since they could be authenticated. Based on this misadvice Garza rejected all government offers. (See Memorandum of Law)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are not to be raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

Sixth Amendment Violation - Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel Coltharp rendered ineffective assistance when she failed to raise on appeal properly preserved issues that would have warranted a new trial or would have been meritorious on appeal. (See Memorandum of Law)

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    **Ineffective assistance of counsel claims are not to be raised on direct appeal.**

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Sixth Amendment Violation - Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The cumulative impact of trial counsels errors addressed herein require an evidentiary hearing. (See Memorandum of Law)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are not to be raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑ No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑ No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑ No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All ineffective assistance of counsel claims are raised in this Title 28 USC 2255 for the first instance.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❏   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Arnulfo Ortiz, 814 West Hildebrand, San Antonio, TX 78212

(b) At arraignment and plea:

Arnulfo Ortiz, 814 West Hildebrand, San Antonio, TX 78212

(c) At trial:

Armando G. Martinez, 526 E. Nueva, San Antonio, TX 78205

(d) At sentencing:

Armando G. Martinez, 526 E. Nueva, San Antonio, TX 78205

(e) On appeal:

Donna F. Coltharp, 727 E. Cesar E. Chavez, San Antonio, TX 78206

(f) In any post-conviction proceeding:

Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❏ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❏ No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❏  No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    Motion is timely filed.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

Vacate his conviction allowing him to accept the governments offer once he is aware of all the necessary facts to make an informed decision on the applicable law and facts.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 10/26/2018 (month, date, year).

Executed (signed) on 10/24/18 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.


