UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Case No. 5:14-cr-247 (RCL) |
| AUGUSTIN SERGIO DELEON GARZA, | |
| Defendant. | |

## MEMORANDUM ORDER

Before the Court is defendant Augustin Sergio DeLeon Garza's § 2255 motion alleging ineffective assistance of counsel. Garza maintains that his trial counsel failed to emphasize the weight of the government's evidence against him, and specifically assured him that certain incriminating audio files would not be admitted into evidence. He also claims that his appellate counsel prejudiced him by failing to raise viable arguments on appeal, and that the cumulative errors of counsel entitle him to relief. None of Garza's arguments are persuasive.

### I. BACKGROUND

On April 2, 2014, a federal grand jury charged Garza with kidnapping. ECF No. 3. He was convicted by a jury on January 15, 2015, and sentenced to life imprisonment on September 3, 2015. ECF Nos. 64, 81. Garza appealed his sentence, which was upheld by the Fifth Circuit. *United States v. Garza*, 690 F. App'x 262 (5th Cir. 2017). He filed this collateral motion on November 2, 2018. ECF No. 119.

### II. LEGAL STANDARD

Section 2255 permits federal prisoners to collaterally attack an otherwise final sentence if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was imposed in excess of the

1

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner must "clear a significantly higher hurdle" when seeking collateral relief than he would on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). Indeed, claims not raised on direct appeal are generally barred outright "unless the defendant shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Ineffective assistance of counsel claims fall outside the bounds of this rule, however, as they may be raised in collateral proceedings under § 2255. *Id.* Still, a district court may deny a § 2255 motion without an evidentiary hearing when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

To prevail on a claim of ineffective assistance of counsel, Garza "must prove both incompetence and prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Specifically, Garza must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness under prevailing professional norms" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687–88. This sets a high bar, as a court's evaluation of counsel's actions "must be highly deferential," and is assessed under the circumstances present at the time of representation without the benefit of hindsight. *Id.* at 689. Furthermore, a "reasonable probability" under *Strickland*'s second prong is one that is "sufficient to undermine confidence in the outcome." *Id.* at 694. To find prejudice, Garza must show that is "a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quotations and internal modifications omitted). An ineffective assistance of counsel claim is defeated if the defendant fails to demonstrate either prong. *Strickland*, 466 U.S. at 700.

## III. DISCUSSION

Garza raises two primary ineffective assistance objections in his motion. First, that both of his trial counsel rendered ineffective assistance by offering incomplete and incorrect advice regarding the weight of evidence that would be admissible against him at trial. Second, that his appellate counsel rendered ineffective assistance by failing to raise on appeal certain objections that had been preserved at trial. The Court will take each argument in turn.

*1. Ineffective Assistance of Trial Counsel*

Did Garza's trial counsel misrepresent the overwhelming and incriminating nature of the evidence likely to be admitted at trial? And if so, did such a misrepresentation fall below an objective standard of reasonableness? And if it did, was there a reasonable probability that Garza would have faced a different outcome? The answer to each of these questions must be "Yes" for Garza to prevail.

Garza claims that "I was never told by Mr. [Armando] Martinez the extent of the evidence and the complexity of the case against me, nor that the recordings could be introduced without the victim of his family member being presented at trial," and that "[w]e did not discuss accepting any offers since Mr. Martinez was confident that no victim nor family member from Mexico would appear at a trial, thus the case would be dismissed." ECF No. 120-1. When Mr. Martinez was terminated and Mr. [Arnulfo] Ortiz took over, Garza's complaints continued. "Mr. Ortiz agreed with Mr. Martinez that without a family member that recorded the calls or a victim from Mexico, none of the audio recordings would be introduced. I was assured of this on several occasions and made decisions based on these assurances." *Id.* "I was told by my attorney to reject the [government's plea] offers since the evidence against me would not be permitted

unless the person that recorded the conversations testified. . . . [T]here was never any clear and detailed explanation as to the overwhelming evidence against me." *Id.*

The Court is unpersuaded by Garza's story. In sworn and notarized affidavits, both trial counsel insist that they fully and clearly explained the severity of the charges and evidence, "including the likelihood that multiple witnesses would likely testify against him at trial, as well as the overwhelming amount of audio recordings and associated evidence that the Government would be able to introduce at trial." ECF Nos. 124-1, 124-2. Both state that they communicated plea offers to Garza and adamantly encouraged him to accept them. *Id.* According to counsel Martinez, Garza continuously refused the advice to accept a plea, "and ultimately chose to replace [Martinez] with another attorney in advance of trial." ECF No. 124-1. This is consistent with counsel Ortiz's claim that "[w]hen I first met Mr. Garza he informed me he would never-ever take a plea." ECF No. 124-2. "Despite Mr. Garza's assertions to the contrary, I made no representations to him that audio recordings would not be introduced at trial, and I obtained several continuances from Judge Biery . . . to afford me more time to persuade Mr. Garza to accept the Government's plea offer." *Id.*

The Court held a hearing for the express purpose of ensuring Garza knew that a government offer was on the table and that he knew its terms. ECF No. 42. Garza confirmed he knew of the offers and had discussed them with counsel. ECF No. 100. He knew when they would expire. *Id.* He declined having any questions about the offers. *Id.* Such hearings have become commonplace after the Supreme Court's decisions in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012). District courts are mindful of defendants' rights during the plea bargaining process, and hold hearings to protect those rights. Garza's decision to reject the government's offers may not have been wise, but it was lucid.

4

After his conviction but prior to sentencing, Garza wrote a letter to the Court: "I feel I was unjustly prosecuted and convicted. I feel I was convicted on purely circumstantial evidence [sic] that the Mexican government tampered, manipulated, and altered." ECF No. 70. He claimed that "[s]ince 1993, I have resided in San Antonio, TX, with an impeccable and clean record, by being a full and law abiding citizen." *Id.* Nowhere did he mention ineffective assistance of counsel. Now that it suits him—four years later—Garza has dropped the "law-abiding citizen" act: "In this case, it is evident that had Garza known correct facts as to the introduction of the damning evidence, that he would have accepted the government's offers." *Id.*

Garza's willingness to lie to the Court is established. Either he is lying once again, or else two separate defense counsel both misrepresented the evidence to their client and tried to keep him from accepting a plea offer, and then conspired to commit perjury to save face. This Court believes the former.

Garza's assertions are not merely farfetched—they are unsupported. While the Court must construe *pro se* § 2255 petitions liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (internal quotation omitted). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Garza bears the burden of proof in establishing ineffective assistance, and he does not overcome it. *See United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

## 2. Ineffective Assistance of Appellate Counsel

Garza argues that he was prejudiced by his appellate counsel's failure to raise certain claims or issues on appeal. In evaluating the representation of appellate counsel, we again look to *Strickland*. *Ries v. Quarterman*, 522 F.3d 517, 531 (5th Cir. 2008). It is not enough to show that counsel failed to raise a non-frivolous issue. *Id.* at 531–32. Indeed, all appellate advocates are forced to leave potential arguments on the cutting room floor in order to focus attention on stronger claims. Instead, Garza must show that "the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue." *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). The Court must therefore predict Garza's outcome on appeal had his preferred arguments been raised. *Id.* at 475. Even if Garza gets this far, he then must establish that "the attorney's deficient performance led to a fundamentally unfair and unreliable result." *Id.*

What does Garza wish appellate counsel had raised on appeal? He cites a series of overruled objections regarding the testimony of a Mexican law enforcement official who had not been previously designated as a testifying witness. ECF No. 120-1. The government justified calling the unlisted witness only because diplomatic complications kept out a listed witness—each witness would testify to the same issues. This Court acted within its discretion in accepting the government's explanation. *See Lirette v. Popich Bros. Water Transp. Inc.*, 660 F.2d 142, 144 (5th Cir. 1981) ("The trial judge is granted broad discretion in modifying pre-trial orders to admit witnesses not listed in the order."). Garza has made no abuse-of-discretion argument.

Garza also includes in his motion recitations from the trial transcript of other objections not raised on appeal. He forwards no arguments challenging the Court's rulings on the objections—they will not be addressed further.

Nor can Garza claim that in any event his failed appeal left him with a fundamentally unfair result. As he acknowledges throughout his motion, the evidence against him was overwhelming. The Court can envision no argument that could have persuaded the Circuit Court to grant him relief. Garza does not offer a single in-circuit citation to case law finding ineffective assistance of appellate counsel.

## IV. CONCLUSION

Garza was not prejudiced by ineffective trial counsel. He was not prejudiced by ineffective appellate counsel. His catchall objection to the "cumulative impact" of counsel's errors falls short—Garza has not persuasively identified any such errors. His motion fails and is hereby **DENIED**. Because "the files and records of the case conclusively show that [Garza] is entitled to no relief," the Court will not hold an evidentiary hearing.

It is **SO ORDERED.**

SIGNED this 31st day of March, 2020.

Royce C. Lamberth
United States District Judge